IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| IHC HEALTH SERVICES, INC. dba LDS HOSPITAL,<br><br>Plaintiff,<br><br>v.<br><br>INTERMOUNTAIN UNITED FOOD AND COMMERCIAL WORKERS AND FOOD INDUSTRY HEALTH FUND,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT SUMMARY JUDGMENT ON THE RECOVERY OF BENEFITS CLAIM, AND GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF NO. 23) AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 23) ON THE FAILURE TO PROVIDE PLAN DOCUMENTS CLAIM**<br><br>Case No. 2:16-cv-01157-EJF<br><br>Magistrate Judge Evelyn J. Furse |

On June 5, 2018, the Court[1] entered an Order on the parties' Cross-Motions for Summary Judgment ("Summary Judgment Order"). (Summ. J. Order, ECF No. 34.) The Court denied Plaintiff IHC Health Services, Inc. ("IHC") summary judgment on its first cause of action for recovery of benefits claims, granted summary judgment in favor of Defendant Intermountain United Food and Commercial Workers and Food Industry Health Fund ("Intermountain") on IHC's second cause of action for breach of fiduciary duties, and reserved judgment on the cross-motions as to IHC's third cause of action for failure to provide plan documents. (See id.)

---

[1] The parties consented to proceed before the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (ECF No. 14.)

1

The Court informed the parties in advance of the June 19, 2018 Final Pretrial Conference that they should come prepared to argue the remaining issues in this case. (ECF No. 36.) At the Final Pretrial Conference, IHC conceded that dismissal of its third cause of action for failure to provide plan documents is appropriate. Accordingly, the Court GRANTS Intermountain's Motion for Partial Summary Judgment (ECF No. 24) and DENIES IHC's Motion for Summary Judgment (ECF No. 23) on IHC's third cause of action for failure to produce plan documents.

During the Final Pretrial Conference, the parties also made arguments concerning the remaining cause of action for recovery of plan benefits. At the conclusion of oral argument, the Court instructed the parties to set forth their arguments on that issue in their trial briefs, due on June 21, 2018. The parties agreed at the Final Pretrial Conference that the Court could decide the issue based on the arguments of counsel and trial briefs and vacate the bench trial scheduled to begin June 25, 2018. The Court informed the parties that after reviewing the trial briefs, it would determine whether or not to vacate trial. After reviewing the trial briefs, the Court vacated the trial, indicating it would decide the remaining issue on the arguments and briefs. (ECF No. 41.)

After considering the arguments of counsel at the Final Pretrial Conference and the parties' trial briefs and for the reasons addressed below, the Court GRANTS Intermountain summary judgment on IHC's claim for recovery of plan benefits.

## FACTUAL BACKGROUND

In its prior Summary Judgment Order, the Court discussed at length the pertinent factual background in this case. (Summ. J. Order 5–10, ECF No. 34.) The Court will not repeat those facts here and instead incorporates them into this decision.

## SUMMARY JUDGMENT STANDARD

The Court grants summary judgment when the evidence shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "In an ERISA case like this, where both parties move for summary judgment and stipulate that no trial is necessary, 'summary judgment is merely a vehicle for deciding the case; the factual determination of eligibility for benefits is decided solely on the administrative record, and the non-moving party is not entitled to the usual inferences in its favor.'" Cardoza v. United of Omaha Life Ins. Co., 708 F.3d 1196, 1201 (10th Cir. 2013) (quoting LaAsmar v. Phelps Dodge Corp. Life, Accidental Death & Dismemberment & Dependent Life Ins. Plan, 605 F.3d 789, 796 (10th Cir. 2010)).

Further, "[a] court may grant summary judgment sua sponte 'so long as the losing party was on notice that [it] had to come forward with all of [its] evidence.'" Sports Racing Servs., Inc. v. Sports Car Club, 131 F.3d 874, 892 (10th Cir. 1997) (alterations in original) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986); see also Fed. R. Civ. P. 56(f)(1) (stating that a court may "grant summary judgment for a nonmovant" if the parties had notice and a reasonable time to respond).

While IHC moved for summary judgment on its first cause of action for recovery of plan benefits, Intermountain did not. However, both parties had ample opportunity

present argument on this cause of action—in their original summary judgment briefing, at the Final Pretrial Conference, and in their trial briefs—and agreed at the Final Pretrial conference that trial and further briefing are unnecessary. Therefore, the Court will proceed to determine this cause of action.

## DISCUSSION

### I. The Arbitrary and Capricious Standard of Review Applies to IHC's Claim for Recovery of Plan Benefits

The Court found in its prior Summary Judgment Order that the arbitrary and capricious standard of review applies to IHC's cause of action for recovery of plan benefits and further concluded that the conflict of interest in this case is de minimis. (Summ. J. Order 11–14, ECF No. 34.) Therefore, as indicated in that decision, the Court will apply the arbitrary and capricious standard, factoring the minimal conflict of interest in this case into its review, consistent with the Supreme Court's decision in Metropolitan Life Insurance Company v. Glenn, 554 U.S. 105 (2008).

Under the arbitrary and capricious standard, a court limits its review to "'determining whether the interpretation of the plan was reasonable and made in good faith.'" Cardoza, 708 F.3d at 1201 (quoting LaAsmar, 605 F.3d at 796). "[T]here is no requirement that the basis relied upon be the only logical one or even the superlative one." Adamson v. Unum Life Ins. Co., 455 F.3d 1209, 1212 (10th Cir. 2006). The plan administrator's "'decision will be upheld unless it is not grounded on any reasonable basis.'" Hancock v. Metro. Life Ins. Co., 590 F.3d 1141, 1155 (10th Cir. 2009) (quoting Finley v. Hewlett–Packard Co. Employee Benefits Org. Income Prot. Plan, 379 F.3d 1168, 1176 (10th Cir. 2004)). Thus, the Court "look[s] for 'substantial evidence' in the record to support the administrator's conclusion, meaning 'more than a scintilla' of

4

evidence 'that a reasonable mind could accept as sufficient to support a conclusion.'" Eugene S. v. Horizon Blue Cross Blue Shield, 663 F.3d 1124, 1134 (10th Cir. 2011) (quoting Adamson, 455 F.3d at 1212).

II.     **Intermountain Did Not Arbitrarily or Capriciously Deny Plan Benefits**

In its Motion for Summary Judgment, IHC argued, among other things, that Intermountain's calculation of the Usual, Customary, and Reasonable charges ("UCR") contradicts the Summary Plan Description's ("Plan") UCR definition because the calculation did not use as a comparison, hospitals in the same "geographic region." (IHC Mot. for Summ. J. ("IHC Mot.") 6–8, ECF No. 23.)  However, as the Court addressed at length in its Summary Judgment Order, the Plan provides for two possible calculations of the UCR, which the Plan defines as

> a charge which falls within the common range of fees billed by a majority of health care providers for a procedure in a given geographic region, or which is justified based on the complexity or the severity of treatment for a specific case, as determined from time to time by the Board.

(Summ. J. Order 9, 17, ECF No. 34; see also AR 27.[2])  The Court found this language unambiguous and that it provides for an alternative calculation of the UCR, aside from "geographic region," based on the complexity or the severity of treatment for a specific case. (Summ. J. Order 17–18, ECF No. 34.)  The Court pointed to the administrative record, which shows that to calculate the reimbursable, or "allowed," amount, Data iSight, a third party used to review the claim at issue in this case,

> assign[ed] . . . a severity-adjusted Diagnosis Related Group ("DRG") and benchmark[ed] it against the median cost value for the DRG from a peer group of similar hospitals and similar clinical cases, adjusted for prevailing

---

[2] The Joint Administrative Record, cited as "AR" in this decision, is filed under seal at ECF No. 27

5

>     labor costs through a wage index adjustment; inflation factor adjustments; and a margin factor.

(Id.; AR 153.)  The Court concluded that this description of the calculation fell within the second possible way to calculate the UCR—tying it the complexity or severity of the treatment—and that IHC therefore failed to show that Intermountain acted arbitrarily or capriciously in calculating the reimbursable amount.  (Summ. J. Order at 18, ECF No. 34.)

Now, changing tack, IHC argues that it is entitled to judgment on its cause of action for recovery of plan benefits because no evidence exists in the administrative record to support Data iSight's calculation of the reimbursable amount pursuant to this second possible way to calculate the UCR.  (See generally Pl.'s Trial Br., ECF No. 40.) Specifically, IHC argues that Intermountain had the burden to produce all records supporting the calculation pursuant to 29 C.F.R. § 2560.503-1 and failed to do so, rendering Intermountain's denial of benefits arbitrary and capricious.  (Id. at 4–7.)  IHC also relies on an unpublished case from the District of Utah, IHC Health Services v. JetBlue Airways Corporation, Case No. 2:17-cv-00481-BSJ, 2018 U.S. Dist. LEXIS 63153 (D. Utah April 13, 2018) (unpublished), to support its argument that Intermountain failed to produce substantial evidence to support the calculation of the allowed amount.  (Pl.'s Trial Br. 3, ECF No. 40.)

On the other hand, Intermountain asserts the Court should grant it judgment on this cause of action because IHC failed to establish that Intermountain's decision to deny benefits was arbitrary or capricious.  (See generally Trial Br. on First Claim for Relief ("Def.'s Trial Br."), ECF No. 39.)  Intermountain points out that IHC did not specifically request Data iSight's underlying UCR data and that administrators may rely

on data and reports from third parties in making benefit determinations. (Id. at 6–9.) Further, Intermountain argues that the JetBlue decision is inapposite because in that case—unlike here—the court could not determine from the record whether the third party's method of calculating the UCR was consistent with the plan at issue. (Id. at 9.)

As an initial matter, the Court agrees that the administrative record in this case appears incomplete and that Intermountain should have provided additional information and data relating to the UCR calculation. Whether IHC did or should have requested that specific information from Intermountain is not determinative—IHC undoubtedly requested information supporting the denial of benefits. (See AR 104–06, 110–11, 118–19, 123–24, 141–48.) ERISA requires the Plan administrator to provide "all documents, records, and other information relevant to the claimant's claim for benefits" to a claimant upon request. 29 C.F.R. § 2560.503-1(h)(2)(iii). A document, record, or other information is "relevant" to a benefits claim, if, among other things, it "[w]as relied upon in making the benefit determination" or "[w]as submitted, considered, or generated in the course of making the benefit determination, without regard to whether such document, record, or other information was relied upon in making the benefit determination." 29 C.F.R. § 2560.503-1(m)(8)(i), (ii). Thus, the information supporting Data iSight's calculation of the UCR was relevant. However, even with an incomplete administrative record, substantial evidence in the record can still support Intermountain's decision. Indeed, IHC does not point to any authority finding an administrator's denial of benefits arbitrary and capricious simply because the administrative record is incomplete. Had IHC believed the record incomplete, its remedy was to move to complete the administrative record. By seeking judgment in its

7

favor rather than seeking to complete the record, IHC took the risk that substantial evidence in the existing record would support Intermountain's decision.

Further, the Court finds JetBlue inapplicable to this case. In JetBlue, the employer contended it calculated out-of-network provider "Eligible Expenses" using the second option provided under the plan—looking to the "competitive fees" charged "in the geographic area." 2018 U.S. Dist. LEXIS 63153, at *3-*4. The court found that no documents in the administrative record showed "whether [the third party's] method of calculating Eligible Expenses was consistent with the requirements of the Plan." Id., at *5. Accordingly, the court found the denial of benefits in that case arbitrary and capricious and not grounded on a reasonable basis because "there [wa]s no evidence in the record indicating that [the third party's] calculation of Eligible Expenses complied with the Plan" or that the administrator or employer ensured that the calculation complied with the Plan. Id., at *6. In contrast, in this case, the Court already concluded in its Summary Judgment Order that the calculation of reimbursable expenses at issue fell within the Plan's requirements. (Summ. J. Order at 17–18, ECF No. 34.) Therefore, the Court agrees with Intermountain that JetBlue does not apply.

As set forth above, the Court must uphold Intermountain's denial of benefits "'unless it is not grounded on any reasonable basis.'" Hancock, 590 F.3d at 1155 (quoting Finley, 379 F.3d at 1176). The Court "look[s] for 'substantial evidence' in the record to support the administrator's conclusion, meaning 'more than a scintilla' of evidence 'that a reasonable mind could accept as sufficient to support a conclusion.'" Eugene S., 663 F.3d at 1134 (quoting Adamson, 455 F.3d at 1212). Here, substantial evidence supports Intermountain's decision in this case, and specifically, the

determination of the reimbursable amount. Data iSight's report identifies (1) the Medicare standard reimbursable amount for the particular DRG at LDS Hospital, where the treatment at issue in this case occurred ($11,095.52), (2) the number of benchmark hospitals in the comparison group (213), (3) the number of benchmark cases in the comparison group (67,339), and (4) the DRG group used (DRG Severity Level - 2). (AR 153.) The report further notes "98% of hospitals in the benchmark group would have a positive margin at this Data iSight Recommended Reimbursement." (Id.) Data iSight also provides graphs comparing the submitted charge ($78,458.99) and LDS Hospital's estimated cost of care ($29,778.00) with the "Benchmark Group" and explains that the "Benchmark Group" for inpatient claims "consists of similar facilities that had claims with the same Severity-Adjusted DRG," that the group is "created using data gathered from public sources which provides information about charges and costs for millions of facility claims," and that "[f]or all comparison cases outside the facility's community, costs are adjusted using wage indices based on prevailing labor costs." (AR 154.) Based on this information, Data iSight calculated the reimbursable amount in this case as $27,738.80. (See AR 153–54.)

This information constitutes substantial evidence supporting the reimbursable amount for which Intermountain paid 50% pursuant to the Plan requirements for out-of-network care, or a total of $13,869.40. Data iSight and Intermountain did not simply pull the number out of thin air. The information provided constitutes "more than a scintilla" of evidence that a reasonable mind could conclude supports Intermountain's determination to pay $13,869.40 on the claim at issue. Because Intermountain grounded its determination on a reasonable basis, the Court will not disturb it. See

Hancock, 590 F.3d at 1155.  Accordingly, the Court GRANTS Intermountain summary judgment on IHC's claim for recovery of plan benefits.

## **CONCLUSION**

For the foregoing reasons, the Court GRANTS Intermountain summary judgment on the claim for recovery of plan benefits and GRANTS Intermountain's Partial Motion for Summary Judgment (ECF No. 24) and DENIES IHC's Motion for Summary Judgment (ECF No. 23) on the claim for failure to produce plan documents.

DATED this 9th day of July, 2018.

BY THE COURT:

_____
EVELYN J. FURSE
United States Magistrate Judge